USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
ALVARO YUNDA, on behalf of         :
himself and all others             :
similarly situated,                :
                                   :   15 Civ. 8861 (HBP)
                       Plaintiff,  :
                                   :   OPINION
     -against-                     :   AND ORDER
                                   :
SAFI-G, INC., d/b/a                :
CAFFE BUON GUSTO, et al.,          :
                                   :
                       Defendants. :
                                   :
----------------------------------X

PITMAN, United States Magistrate Judge:

I. Introduction

This matter is before me on the parties' joint application to approve the parties' settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

II. Facts

Plaintiff formerly worked for SAFI-G, Inc. and seeks, by this action, to recover allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiff also

asserts claims based on defendants' alleged failure to provide certain notices as required by the Labor Law. Although the action was commenced as a collective action with respect to the FLSA claims and a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action or certified as a class action. Thus, the only parties to the settlement are the named plaintiff and the named defendants.

Plaintiff alleges that he was employed as a busboy, "food runner"[1] and waiter from August 26, 2004 through July 8, 2013. Plaintiff claims that during this period, he worked approximately 57 hours every other week. Plaintiff alleges he was paid a flat fee of $20.00 for lunch shifts (which lasted five hours) and $10.00 for dinner shifts (which lasted eight hours). Plaintiff claims he is owed $11,233.44 in unpaid minimum wage and overtime and $11,233.44 in liquidated damages under the FLSA.

Defendants deny plaintiff's allegations. They dispute the number of hours that plaintiff claims to have worked. They also claim that plaintiff was paid for all hours that he worked and was paid a premium for overtime work. Defendants claim that

---

[1] A "food runner" helps waiters deliver orders from the kitchen to the customers (Class/Collective Action Complaint and Jury Demand, dated Nov. 10, 2015 (D.I. 1) ¶ 31).

2

plaintiff was paid an additional $225.00 per week, as evidenced by the W-2 forms issued to plaintiff.

I held a lengthy settlement conference on October 5, 2016 that was attended by the parties and their counsel. There was a protracted discussion of the strengths and weaknesses of the parties' respective positions. At the conference, defendants offered to resolve the dispute, and plaintiff accepted the offer the following day.

The parties have submitted two separate settlement agreements. One settlement agreement resolves plaintiff's FLSA claim and requires approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). In that agreement, plaintiff agrees to settle his FLSA claim for a total amount of $27,500.00. The agreement also provides that plaintiff's counsel will receive one-third of the total settlement amount, or $9,165.00, as attorneys' fees and costs and that the balance of $18,335.00 will be paid to plaintiff. The second settlement agreement resolves plaintiff's NYLL claims, does not require approval under Cheeks and contains a confidentiality clause, among other provisions.

III. Analysis

   A. Bifurcated
      Settlement Agreement

A preliminary issue is whether the parties' bifurcated settlement structure is permissible. Clearly, the purpose of such a structure is to avoid some of the limitations that Cheeks and its progeny have imposed on settlements of FLSA claims. The NYLL settlement agreement contains several provisions that would be impermissible in an FLSA settlement. Recognizing that issue, the parties have instead included these provisions in their NYLL settlement agreement to immunize them from judicial review.

I conclude that such a bifurcated settlement agreement is permissible. Cheeks held that FLSA settlement agreements must be approved either by a Court or the Department of Labor before an action can be dismissed with prejudice pursuant to Fed.R.Civ.-P. 41(a)(1)(A)(ii). Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 200. In other words, Cheeks is silent on the issue presented here, namely, whether the limitations applicable to a settlement of an FLSA claim apply to the settlement of a parallel NYLL claim. Because the settlement of the FLSA claim is subject to the same review that is applicable in cases where there is a single settlement agreement, I conclude that the

4

mechanism proposed by the parties does not run afoul of Cheeks. The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval. See Abrar v. 7-Eleven, Inc., No. 14-cv-6315 (ADS)(AKT), 2016 WL 1465360 at *1 (E.D.N.Y. Apr. 14, 2016) (approving such a structure). Therefore, I shall examine whether the parties' FLSA settlement agreement is fair and reasonable, and I shall not examine the NYLL settlement.

B. Approval of
   the FLSA Settlement

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp.

2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-conference submissions and their performance at the settlement conference, it is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bar-

6

> gaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, after deduction of attorneys' fees and costs, the net settlement represents approximately 81.6% of plaintiff's total FLSA damages, i.e. actual and liquidated damages. Thus, the net settlement amount provides plaintiff with a substantial percentage of his claimed damages.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Defendants dispute the number of hours plaintiff worked and claim that he took breaks during the day. Trial preparation would potentially require additional depositions to explore this issue. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Plaintiff was paid by check, and defendants claim these checks included $225.00 in addition to his shift pay. Moreover, there are disputes about the number of hours plaintiff worked. It is uncertain whether, or how much, plaintiff would recover at trial. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assess-

7

ing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached shortly after a mediation before the Court. This fact further negates the possibility of fraud or collusion.

The settlement agreement also contains a release. It provides that plaintiff releases defendants from "any and all claims, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the FLSA" (Settlement Agreement ¶ I(A)). Such a release, although unlimited in duration, is permissible because it is limited to claims arising under the FLSA. See, e.g, Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims and was limited to wage and hour claims); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.) (approving release that included both known and unknown claims and claims through the date of the settlement that was limited to wage and hour issues; rejecting other release that included both known and unknown claims and claims through the date of the settlement that was not limited to wage and hour issues); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "whether known or unknown, arising up to and as of the date of the execution of this Agreement" because it included "the release of claims unrelated to wage and hour issues" (internal quotation marks omitted)).

9

In addition, the settlement agreement contains a waiver that provides that plaintiff "waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding against any Releasee under the FLSA" (Settlement Agreement ¶ I(B)). Importantly, plaintiff did not waive his right to assist, aid, encourage, facilitate or cooperate in such a proceeding against defendants, and he did not waive his right to participate in all proceedings against defendants, no matter the claim; such broad clauses would have been impermissible. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp., supra, 2015 WL 3646663 at *1; Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan, D.J.). Because the waiver is limited to participation in a proceeding against defendants that arises under the FLSA and really adds nothing to the limited release, it is permissible.

Finally, the settlement agreement provides that one-third of the settlement fund will be paid to plaintiff's counsel as a contingency fee and costs. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL

Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

IV. Conclusion

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.[2] In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
April 28, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

---

[2] I note that the parties have failed to file their FLSA settlement agreement on the public docket. A court-approved FLSA settlement cannot be confidential absent a substantial showing that the need for confidentiality outweighs the presumption of public access. See Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1162910 at *2 (S.D.N.Y. Mar. 28, 2017) (Pitman, M.J.); Reynoso v. Norman's Cay Grp. LLC, 15 Civ. 1352 (PAE), 2015 WL 10098595 at *1 (S.D.N.Y. Nov. 23, 2015) (Engelmayer, D.J.) ("[T]he Court will not permit the filing of a court-approved FLSA settlement under seal." (footnote omitted)), citing Wolinsky v. Scholastic Inc., supra, 900 F. Supp. 2d at 340; Lopez v. Nights of Cabiria, LLC, supra, 96 F. Supp. 3d at 177 (confidentiality provisions of proposed settlement agreement were in "strong tension with the remedial purposes of the FLSA"). Accordingly, the parties' FLSA settlement agreement will be filed with this Order; however, because the parties' NYLL agreement is confidential and is not subject to judicial review, it shall not be filed on the public docket.